## (May 9, 1963)

■ CECIL O. LYONS, Respondent, v. ERNEST R. PROVENCIAL et al., Defendants-Appellants, and CITY OF NEW YORK, Appellant-Respondent. EMMA GOLDEN, as Administratrix of the Estate of FRANK GOLDEN, Deceased, Respondent, v. ERNEST R. PROVENCIAL et al., Appellants, and CITY OF NEW YORK, Appellant-Respondent.— These separate actions for damages for personal injuries and, in the case of plaintiff Golden, for wrongful death also, were consolidated for purposes of trial. A separate verdict was rendered in each case upon which a judgment was thereafter entered. While the appeals are treated together, the disposition made in each case applies only to the respective

judgment involved. Judgment entered for plaintiff Lyons is reversed on the law and the facts, the verdict vacated and a new trial granted, with costs to defendants-appellants, unless plaintiff Lyons stipulates to accept $30,000 in lieu of the award by verdict, in which event the judgment obtained by plaintiff Lyons is modified to that extent, and is affirmed as thus modified, with costs to defendants-appellants. Judgment entered for plaintiff Golden is reversed on the law and the facts, the verdict vacated and a new trial granted, with costs to defendants-appellants, unless plaintiff Golden stipulates to accept $45,000, of which $40,000 is fixed as recovery in the death action and $5,000 for pain and suffering, together with such interest as authorized by statute, in lieu of the award by verdict, in which event the judgment obtained by plaintiff Golden is modified to that extent, and is affirmed as thus modified, with costs to defendants-appellants. In these actions it is evident that the jury verdicts are grossly excessive in their award of damages, and verdicts in excess of the amounts indicated are not warranted on the record. Settle order on notice. Concur — Breitel, J. P., Rabin, McNally, Stevens and Steuer, JJ.